UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**BRENDA OLDHAM,**
A Michigan individual

          **Plaintiff,**

                        Case No.:
                        The Hon.:

v

**FINANCIAL INDUSTRY
REGULATORY AUTHORITY,**        **JURY TRIAL**
**& MASS MUTUAL**                    **DEMANDED**

          **Defendants.**

_____/

Law Offices of Stephon E. Johnson, PLLC
Stephon E. Johnson (P39546)
18444 W. 10 Mile Rd., Ste. 204
Southfield, MI 48075
(248) 469-8847
_____/

       There is no other legal civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint, pending in this court, nor has any such action been previously filed and dismissed or transferred, after having been assigned to a judge, nor do I know of any other action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint, that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____/

## **PLAINTIFF'S COMPLAINT**

    **NOW COMES** PLAINTIFF, BRENDA OLDHAM, by and through her attorneys, THE LAW OFFICES OF STEPHON JOHNSON, PLLC, and for her complaint states as follows:

1

## Introduction

This preliminary injunction lawsuit against FINRA and MASS MUTUAL (MML) deals with past and continuing irreparable injury wrongfully exacted by MML and FINRA against Plaintiff that has and continues to destroy her life both from a reputational, financial and emotional standpoint for a several year period. As described more fully herein, and in the preliminary injunction memorandum of law ("Memorandum") and this Complaint FINRA has wrongfully, intentionally and willfully refused to cease and desist from making permanent the record of a disciplinary finding that resulted from an arbitration proceeding that Plaintiff was involved, and from which causes, Plaintiff was completely exonerated.

## Jurisdiction

1. Each of the causes of action alleged in this Complaint arose in the City of Highland, County of Oakland, State of Michigan.

2. At all times relevant hereto, Plaintiff Brenda Oldham, a Michigan corporation, was headquartered in and had its primary place of business in the City of Highland, County of Oakland, State of Michigan.

3. That, upon information and belief, Defendant Mass Mutual is a securities firm, which was headquartered in and had its primary place of business in the State of Massachusetts. The employer and municipal plan sponsor for the system is the City of Detroit.

4. That, upon information and belief, Defendant Ryan Bigelow ("Bigelow") is the Chief Investment Officer for the MML and is a Michigan individual living in the City of Detroit, County of Wayne, State of Michigan and conducting business or

employment in the City of Detroit, County of Wayne, State of Michigan.

5. This action arises out of an employment relationship between Plaintiffs and Defendant MML wherein Plaintiffs served as investment managers and due diligence advisors for Defendant MML, managing certain investments including the MML's emerging manager portfolio.

6. That, at all relevant times Plaintiffs' investment performance was satisfactory and had been approved by the MML's Trustees's investment consultant, Wilshire Associates.

7. The amount in controversy in this litigation exceeds the sum of One Hundred Thousand ($100,000.00) Dollars, exclusive of cost, interest, and attorney fees.

8. This honorable Court also has jurisdiction of this matter due to the diversity of residences of the parties.

## COUNT I

## BUSINESS DEFAMATION (LIBEL AND SLANDER)/DEFAMATION PER SE

9. Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 8 as though fully set forth herein.

10. Despite Plaintiffs' satisfactory performance and work for Defendant

11. Under these facts, there is an actual controversy between the parties. Defendants' statements of illegal conduct were false and unprivileged, spoken, written and published with the goal of making Plaintiffs objects of distrust, contempt, ridicule or disgrace and to bring them public, professional and personal harm and humiliation.

12. Defendants either knew that their statements were false or they published and acted

3

on such statements with reckless disregard as to their truth or falsity.

13. The defamatory statements of criminal activity, false and unsubstantiated as they are, each on their face tend to directly injure the Plaintiffs with respect to their profession, trade and business by imputing criminality to them, effectively calling them corrupt, criminal and fraudulent in matters as important as to their livelihood and business.

14. As a direct and proximate result of each of the above defamatory statements, Plaintiff BRENDA OLDHAM has suffered and will suffer loss to his reputation, shame, mortification, diminished trust, all to his general damages.

15. As a further direct and proximate result of the above defamatory statements, Plaintiff BRENDA OLDHAM have suffered loss of the instant and other business contracts, business engagements and investment and due diligence opportunities in the amount of the instant lost business and in amounts to be proven at trial.

16. As a result of this damage to her reputation, Plaintiffs' business and personal relationships have been, and will continue to be adversely affected.

17. By engaging in the above willful conduct with reckless disregard of truth or falsity, Defendants acted with actual malice and in reckless and conscious disregard to Plaintiffs' rights, entitling them to actual, exemplary and punitive damages.

## COUNT II
## FALSE LIGHT

18. Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 17, as though fully set forth herein.

19. Defendants' false statements contain numerous false implications about Plaintiffs, including without limitation:

(1) That Plaintiff BRENDA OLDHAM were charged with crimes relative to the highly publicized public corruption charges that were brought against some of the City of Detroit's elected and/or appointed officials, agents and/or affiliates. In fact, neither Plaintiff was ever charged with any criminal wrongdoing of any kind or nature whatsoever by any law enforcement or prosecutorial entity.

(2) The implication that Plaintiffs' services are "tainted" or would otherwise cast aspersion upon the Defendants or other similar potential clients is highly offensive to Plaintiff Oldham as it would be to any reasonable person of ordinary sensibilities in Plaintiff Oldham's position and is harmful to the business reputation of both Plaintiffs.

20. The false statements of Defendants had a natural tendency to injure the Plaintiffs reputation in the investment management industry in which they work, and with the public worldwide.

21. The false statements were published by the Defendants knowing that they contained unfair and inaccurate depictions of the Plaintiffs and false implications that would damage Defendants reputation before the s and in the relevant business community.

22. In the alternative, the false implications contained in the false statements were published with reckless disregard as to their truth or falsity.

23. Upon information and belief, the wrongful conduct of Defendants was a substantial factor in causing Plaintiffs loss of its business opportunities with the MML and in causing Plaintiffs similar harm, including but not limited to harm to her trade,

5

profession, and/or occupation, and harm to Plaintiff Oldham's reputation.

24. As a direct and proximate result of the above-mentioned statements and depictions, Plaintiff Oldham has suffered and will suffer emotional distress, loss to his reputation, shame, mortification, and hurt feelings, and has been, and continues to be, embarrassed and humiliated by the false statements and implications and reasonable fear that he will be shunned, avoided and subjected to fear, mistrust, suspicion, speculation ridicule.

25. Additionally, as a direct and proximate result of the above-described statements and depictions, Plaintiffs have suffered, and will continue to suffer, significant damage to her reputation and/or livelihood or profitability.

26. Defendants have acted with knowledge that her depictions of Plaintiffs were false or with a reckless disregard of truth or falsity. Defendants' conduct was intended by them to cause injury to Plaintiffs, and was despicable conduct carried on with a willful and conscious disregard of the rights and reputation of Plaintiffs. As such, Plaintiffs are entitled to recover punitive damages in an amount sufficient to punish Defendants and deter them from such conduct in the future.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. Plaintiff Oldham holds various securities sales certifications and has a long history of investment management and consulting. She built her career on conscientious service in that arena and built and developed her business "from scratch". It is in this context that Defendants chose to disseminate the false statements falsely telling

the world that she engaged in miscellaneous signature improprieties and is worthy only of shunning and avoidance.

29. Defendants' choice to vilify and publicly attack Plaintiffs was extreme and outrageous conduct that no reasonable person in a civilized society should be expected to endure.

30. In committing the intentional and outrageous acts described more fully above, Defendants intended to cause Plaintiff Oldham severe emotional distress and/or Defendants acted with reckless disregard for the probability of inflicting humiliation, mental anguish, and severe emotional distress on Plaintiff Oldham.

31. As a direct and proximate cause of Defendants' conduct, Plaintiff Oldham has suffered and will continue to suffer humiliation, mental anguish, severe emotional distress, and other special and general damages according to proof.

32. The extreme and outrageous conduct of Defendants as alleged herein, was malicious, despicable, or oppressive in that Defendants acted with full knowledge of the consequences to Plaintiff Oldham as alleged herein, with the intent to discredit him, harm his reputation, harass, or retaliate against Plaintiff Oldham with a willful, conscious, wanton, and reckless disregard for his rights and for the deleterious consequences and cruel and unjust hardship to resulting to Plaintiff Oldham from the conduct of Defendants. Accordingly, Plaintiff Oldham is entitled to punitive damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs BRENDA OLDHAM respectfully requests that this Honorable Court issue a judgment on behalf of Plaintiffs in each of her favor and against

Defendants and award the following damages:

1. Compensatory damages in an amount that is in excess of One Hundred Thousand ($100,000.00) Dollars, and that is sufficient to compensate Plaintiffs for her actual, consequential and incidental losses sustained as a result of Defendants' wrongful actions.

2. Exemplary and/or punitive damages in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, resulting from Defendants' intentional and malicious actions, and

3. Interest, costs and reasonable attorney's fees.

Date: March, 2019                           Respectfully submitted,

                                            /s/ Stephon E. Johnson

                                            Law Offices of Stephon Johnson, PLLC
                                            Stephon E. Johnson (P39546)
                                            18444 W. 10 Mile Rd., Ste. 204
                                            Southfield, MI 48075
                                            (248) 469-8847

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

BRENDA OLDHAM,
A Michigan individual

                        Plaintiff,

                                                            Case No.:
                                                            The Hon.:

v

FINANCIAL INDUSTRY
REGULATORY AUTHORITY,                 JURY TRIAL
& MASS MUTUAL                                           DEMANDED

                        Defendants.
_____/
Law Offices of Stephon E. Johnson, PLLC
Stephon E. Johnson (P39546)
18444 W. 10 Mile Rd., Ste. 204
Southfield, MI 48075
(248) 469-8847
_____/

**PLAINTIFF'S JURY DEMAND**

      **NOW COMES** Plaintiff, by and through its attorneys, THE LAW OFFICES OF

STEPHON JOHNSON, PLLC, and respectfully requests a trial by jury.

Date: March, 2019                               Respectfully submitted,

                                                      /s/ Stephon E. Johnson


                                                      Law Offices of Stephon Johnson, PLLC
                                                      Stephon E. Johnson (P39546)
                                                      18444 W. 10 Mile Rd., Ste. 204
                                                      Southfield, MI 48075
                                                      (248) 203-2510